THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MELISSA LEVINE-SUMMERS and<br>HERBERT SUMMERS<br>930 Christian Creek Road<br>Swannanoa, NC 28778 | ) ) ) ) ) ) | |
| | ) | CIVIL ACTION _____ |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 | ) ) ) ) | DEFENDANT ELI LILLY AND<br>COMPANY'S NOTICE OF<br>REMOVAL OF CIVIL ACTION |
| and | ) ) | |
| GLAXOSMITHKLINE<br>a successor to S.E. MASSENGILL, CO.<br>1500 K Street, N.W.<br>Washington, D.C. 20036 | ) ) ) ) ) | |
| and | ) ) | |
| PREMO PHARMACEUTICAL<br>LABORATORIES, INC.<br>w/s/o Corporation Trust Co.<br>820 Bear Tavern Road<br>West Trenton, NJ 08628 | ) ) ) ) ) ) | |
| and | ) ) | |
| DART INDUSTRIES, INC.,<br>p/k/a REXALL DRUG COMPANY, INC.<br>c/o Sheila Ann Marie Moeller, Esq.<br>Gilbride, Tusa, Last & Spellane, LLC<br>31 Brookside Drive<br>Greenwich, CT 06830 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| BRISTOL-MEYERS SQUIBB COMPANY<br>a successor of E.R. SQUIBB & SONS, INC. | ) ) | |

143767v2

P.O. Box 4500                          )
Princeton, NJ 08543                    )
w/s/o CT CORPORATION                   )
1025 Vermont Avenue, N.W.              )
Washington, D.C. 20005                 )
                                       )
and                                    )
                                       )
PHARMACIA and UPJOHN COMPANY           )
(aka THE UPJOHN COMPANY)               )
100 Route 206 North                    )
Peapack, NJ 07977                      )
w/s/o CT CORPORATION                   )
1025 Vermont Avenue, N.W.              )
Washington, D.C. 20005                 )
                                       )
and                                    )
                                       )
WYETH                                  )
5 Giraldi Farms                        )
Madison, NJ 07940                      )
                                       )
                   Defendants.         )
                                       )
_____)

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and

1446, notices the removal of this action from the Superior Court of the District of Columbia,

Civil Division, to this Court. The grounds for removal are as follows:

### INTRODUCTION

1.      On November 7, 2007, plaintiffs filed this case against Lilly, GlaxoSmithKline

("Glaxo"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Dart Industries, Inc. ("Dart"),

Bristol-Myers Squibb Company ("Squibb"), Pharmacia and Upjohn Company ("Upjohn"), and

Wyeth. On November 14, 2007, plaintiffs filed their First Amended Complaint. The action is

styled as *Melissa Levine-Summers and Herbert Summers  v. Eli Lilly and Company, et al.*, Civil

143767v2

Action No. 0007421-07, in the Superior Court of the District of Columbia, Civil Division. In their First Amended Complaint, plaintiffs allege that Melissa Levine-Summers' *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, ectopic pregnancies, an inability to carry a pregnancy to term, infertility and that she incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family she desired. *See* First Amended Complaint at ¶ 6.

2.     Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

<u>**NOTICE OF REMOVAL IS TIMELY**</u>

3.     Plaintiffs served the Complaint in this action on Lilly on November 13, 2007. The Complaint was the first pleading that Lilly received setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. This Notice of Removal is timely.

<u>**DIVERSITY JURISDICTION EXISTS**</u>

4.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332. This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which the amount in controversy, exclusive of interest and costs, exceeds $75,000. This action is being removed to the District Court for the district where the action is pending.

5.     Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen

of the State in which such action is brought." Plaintiffs filed this action in the Superior Court of the District of Columbia. No defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, plaintiffs are citizens of North Carolina. *See* caption of plaintiffs' First Amended Complaint, listing plaintiffs' residence in Swannanoa, North Carolina.

7.      Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.      Glaxo is a corporation organized under the laws of the State of Pennsylvania, and Glaxo's principal place of business is located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit B**.

9.      Premo is a corporation organized under the laws of the State of New Jersey, and Premo's principal place of business is located in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Premo is a citizen of New Jersey and Connecticut. Premo has consented to removal. *See* Premo Consent to Removal attached hereto as **Exhibit C**.

10.      Dart is a corporation organized under the laws of the State of Delaware, and Dart's principal place of business is located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. *See* Dart Consent to Removal attached hereto as **Exhibit D**.

11.      Squibb is a corporation organized under the laws of the State of Delaware, and Squibb's principal place of business is located in New York. Pursuant to 28 U.S.C. § 1332(c)(1),

4

Squibb is a citizen of Delaware and New York. Squibb has consented to removal. *See* Squibb Consent to Removal attached hereto as **Exhibit E**.

12.    Upjohn is a corporation organized under the laws of the State of Delaware, and Upjohn's principal place of business is located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn's Consent to Removal attached hereto as **Exhibit F**.

13.    Wyeth is a corporation organized under the laws of the State of Delaware, and Wyeth's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Wyeth is a citizen of Delaware and New Jersey. Based upon information and belief, Wyeth has not been served with a summons or complaint in this action.

14.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

15.    In their First Amended Complaint, plaintiffs seek a total of $3,000,000 in compensatory damages from defendants. *See* First Amended Complaint at p. 7. Based on the damages sought by plaintiffs, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL TO THIS DISTRICT

16.    Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

17.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for plaintiffs, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division.

143767v2

A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit G**.

18.     As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

19.     Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

20.     Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Melissa Levine-Summers and Herbert Summers  v. Eli Lilly and Company, et al.*, Civil Action No. 0007421-07, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

143767v2

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

143767v2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW, Suite 500
Washington, DC  20036
**Attorneys for Plaintiffs**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline**

Sarah S. Keast
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102
**Attorneys for Dart Industries, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD  21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC  20005
**Attorneys for Pharmacia and Upjohn Company**

F. Lane Heard, III
Williams & Connolly LLP
725 Twelve Street, N.W.
Washington, D.C. 20005
**Attorneys for Wyeth**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

8

143767v2

**EXHIBIT A**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MELISSA LEVINE SUMMERS
    Vs.                                                   C.A. No.       2007 CA 007421 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                             Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date:  November 7, 2007
Initial Conference: 9:00 am, Friday, February 15, 2008
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Melissa Levine Summers, et al.

*Plaintiff*

vs.

Eli Lilly and Company

*Defendant*

0007421-07

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M. Levine, Esq.
Name of Plaintiff's Attorney

1320 19th Street, NW Suite 500
Address

Washington, DC 20036

202-833-8040
Telephone

By _____
Deputy Clerk

Date _____

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ES-TATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly con-tact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**MELISSA LEVINE SUMMERS and**    ]
**HERBERT SUMMERS**    ]
**930 Christian Creek Road**    ]
**Swannanoa, NC 28778**    ]
    ]
    ]
          **Plaintiff,**    ]
     **v.**    ] **Civil Action No.**    **0007421-07**
    ]
**ELI LILLY AND COMPANY**    ]
**Lilly Corporate Center**    ]
**Indianapolis, IN 46285**    ]
**w/s/o NATIONAL REGISTERED AGENTS, INC.**    ]
**1090 Vermont Avenue, NW, #910**    ]
**Washington, DC 20005**    ]
    ]
**and**    ]
    ]
**GlaxoSmithKline, Inc.**    ] n
**A successor of BURROUGHS-WELLCOME**    ]
**& CO. and S.E. MASSENGILL, CO.**    ]
**1500 K Street, N.W.**    ]
**Washington, DC 20036**    ]
    ]
**and**    ]
    ]
**PREMO PHARMACEUTICAL**    ]
**LABORATORIES, INC.**    ]
**w/s/o Corporation Trust Co.**    ]
**820 Bear Tavern Road**    ]
**West Trenton, NJ 08628**    ]
    ]
**and**    ]
    ]
**DART INDUSTRIES, INC.,**    ]
**p/k/a Rexall Drug Company, Inc.**    ]
**c/o Sheila Ann Marie Moeller, Esq.**    ]
**Gilbride, Tusa, Last & Spellane**    ]
**31 Brookside Drive**    ]
**Greenwich, CT 06830**    ]
    ]
**and**    ]
    ]
**BRISTOL-MYERS SQUIBB COMPANY**    ]
**a successor of E.R. SQUIBB & SONS, INC.**    ]
**P.O. Box 4500**    ]
**Princeton, NJ 08543**    ]
**w/s/o   CT CORPORATION**    ]
**1025 Vermont Avenue, N.W.**    ]

RECEIVED
CIVIL CLERK'S OFFICE

NOV -- 7 2007

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC



Washington, D.C. 20005                                          ]
                                                               ]
And                                                            ]
                                                               ]
PHARMACIA and UPJOHN COMPANY                                   ]
(aka THE UPJOHN COMPANY)                                       ]
100 Route 206 North                                            ]
Peapack, NJ 07977                                             ]
w/s/o   CT CORPORATION                                         ]
1025 Vermont Avenue, N.W.                                      ]
Washington, D.C. 20005                                         ]
                                                               ]
and                                                            ]
                                                               ]
Wyeth                                                          ]
5 Giraldi Farms                                               ]
Madison, NJ                                                    ]
                                                               ]
           Defendants.                                         ]

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

### COUNT I

### (Negligent Failure to Warn)

3.    On or about 1969 and 1970, during her pregnancy with Plaintiff Melissa Levine Summers , the mother of the Plaintiff herein bought and ingested DES in Florida.  The Defendants, and/or their predecessors acting in conceit, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of Florida.

4.    It was the duty of the Defendants to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

2

5.    Defendants negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

6.    As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant ectopics and inability to carry a pregnancy to term, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II

### (Negligent Failure to Test)

7.    All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8.    Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9.    Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10.    As a result of Defendants's said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Strict Liability)

11.    All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.    Defendants is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

3

14.     Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants's possession.

15.     Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16.     Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants's extensive advertising campaigns proclaiming the safety and efficacy of DES.

17.     As a result of Defendants's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18.     By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty)

19.     All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20.     At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

4

21.     Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants's skills and judgments, and the implied and express warranties and representations.

22.     At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23.     As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT V
### (Misrepresentation)

24.     All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25.     Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26.     The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendants's representations in his advice about purchase, use, and consumption of DES.

27.     At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28.     As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT VI

5

**(Punitive Damages)**

29.    All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Herbert Summers v. Eli Lilly)

31.    All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

32.    Plaintiff, Herbert Summers, is the husband of Melissa Levine Summers. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Herbert Summers has been deprived of the love, services and affection of his wife, Melissa Levine Summers.

**WHEREFORE**, Plaintiff Melissa Levine Summers demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Herbert Summers, individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Copper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

7

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

**MELISSA LEVINE-SUMMERS and**
**HERBERT SUMMERS**
**930 Christian Creek Road**
**Swannanoa, NC 28778**

         Plaintiff,

    v.

**ELI LILLY AND COMPANY**
**Lilly Corporate Center**
**Indianapolis, IN 46285**
**w/s/o NATIONAL REGISTERED AGENTS, INC.**
**1099 Vermont Avenue, NW, #910**
**Washington, DC 20005**

**and**

**GLAXOSMITHKLINE**
**A successor of S.E. MASSENGILL, CO.**
**1500 K Street, N.W.**
**Washington, DC 20036**

**and**

**PREMO PHARMACEUTICAL**
**LABORATORIES, INC.**
**w/s/o Corporation Trust Co.**
**820 Bear Tavern Road**
**West Trenton, NJ 08628**

**and**

**DART INDUSTRIES, INC.,**
**p/k/a Rexall Drug Company, Inc.**
**c/o Sheila Ann Marie Moeller, Esq.**
**Gilbride, Tusa, Last & Spellane**
**31 Brookside Drive**
**Greenwich, CT 06830**

**and**

**BRISTOL-MYERS SQUIBB COMPANY**
**a successor of E.R. SQUIBB & SONS, INC.**
**P.O. Box 4500**
**Princeton, NJ 08543**
**w/s/o  CT CORPORATION**
**1025 Vermont Avenue, N.W.**
**Washington, D.C. 20005**

Civil Action No. 2007 CA 007421 B
Judge Geoffrey M. Alprin
Next Event: Initial Conference,
      February 15, 2008, 9:00AM

```
                                              ]
And                                           ]
                                              ]
PHARMACIA and UPJOHN COMPANY                  ]
(aka THE UPJOHN COMPANY)                      ]
100 Route 206 North                           ]
Peapack, NJ 07977                             ]
w/s/o  CT CORPORATION                         ]
1025 Vermont Avenue, N.W.                     ]
Washington, D.C.  20005                       ]
                                              ]
and                                           ]
                                              ]
WYETH                                         ]
5 Giraldi Farms                               ]
Madison, NJ                                   ]
                                              ]
          Defendants.                         ]
```

## FIRST AMENDED COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligent Failure to Warn – Melissa Levine-Summer)

3.    On or about 1969 and 1970, during her pregnancy with Plaintiff Melissa Levine-Summers , the mother of the Plaintiff herein bought and ingested DES in Florida.  The Defendants, and/or their predecessors acting in conceit, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of Florida.

4.    It was the duty of the Defendants to adequately warn Ms. Levine-Summers's mother and Plaintiff Melissa Levine-Summers as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

2

5.     Defendants negligently failed to adequately warn Plaintiff Melissa Levine-Summers's mother and Plaintiff Melissa Levine-Summers of DES risks as to safety and efficacy of DES.

6.     As a result of said negligence, Plaintiff Melissa Levine-Summers was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant ectopics and inability to carry a pregnancy to term, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Negligent Failure to Test – Melissa Levine-Summers)

7.     All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8.     Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9.     Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10.     As a result of Defendants' said negligence, Plaintiff Melissa Levine-Summers was injured as aforesaid.

## COUNT III
### (Strict Liability – Melissa Levine-Summers)

11.     All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12.     DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13.     Defendants are engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

3

14.    Plaintiff Melissa Levine-Summers's mother purchased and ingested DES during her pregnancy with Plaintiff Melissa Levine-Summers, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15.    Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16.    Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17.    As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Melissa Levine-Summers was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Melissa Levine-Summers for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty – Melissa Levine-Summers)

19.    All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20.    At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients

4

that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21.    Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Melissa Levine-Summers and her attending physicians, were relying on Defendants's skills and judgments, and the implied and express warranties and representations.

22.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23.    As a direct result of the breach of warranties by the Defendants, Plaintiff Melissa Levine-Summers has been injured as aforesaid.

**COUNT V**
**(Misrepresentation – Melissa Levine-Summers)**

24.    All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25.    Defendants represented to pregnant women, including the mother of Plaintiff Melissa Levine-Summers and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26.    The mother of the Plaintiff Melissa Levine-Summers and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27.    At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

5

28.    As a direct result of said false representations by Defendants, Plaintiff Melissa Levine-Summers was injured as aforesaid.

## COUNT VI
### (Punitive Damages – Melissa Levine-Summers)

29.    All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30.    The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff Melissa Levine-Summers's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff Melissa Levine-Summers by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Herbert Summers v. Eli Lilly)

31.    All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

6

32.    Plaintiff, Herbert Summers, is the husband of Melissa Levine-Summers.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Herbert Summers has been deprived of the love, services and affection of his wife, Melissa Levine-Summers.

**WHEREFORE,** Plaintiff Melissa Levine-Summers demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Herbert Summers, individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES


_____/s/_____Aaron M. Levine_____
Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Copper #502149


1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____/s/_____Aaron M. Levine_____
Aaron                         M.                         Levine

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2007, I filed the following documents with the Clerk of the Court through the Court's e-filing service, CaseFileXpress:

- FIRST AMENDED COMPLAINT

and further certify that such e-filing service will send an "e-notice" of electronic filing to the following participants in this matter:

The Honorable Geoffrey M. Alprin
Superior Court of the District of Columbia
500 Indiana Ave., N.W.
Washington, DC 20001

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following:

Emily J. Laird, Esq.
Shook, Hardy & Bacon LLP
600 Fourteenth Street, NW
Suite 800
Washington, DC 20005-2004
*Counsel for Defendant Eli Lilly and Company*

Janet K. Coleman, Esq.
Whitney & Bogris, LLP
401 Washington Avenue
Twelfth Floor
Towson, MD 21204
*Counsel for Defendant GlaxoSmithKline*

Sarah S. Keast, Esq.
Goodwin Procter LLP
901 New York Ave., NW
Washington, DC 20001
*Counsel for Defendant Premo Pharmaceutical Laboratories, Inc.*

John F. Anderson, Esq.
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
*Counsel for Defendant Dart Industries, Inc.*

Sidney G. Leech, Esq.
Goodell, DeVries, Leech & Dann LLP
One South Street, 20TH Floor
Baltimore, MD 21202
*Counsel for Defendant Bristol-Myers Squibb Co.*

Elizabeth Ewert, Esq.
Drinker Biddle & Reath LLP
1500 K Street, NW
Suite 1100
Washington, DC 20005
*Counsel for Defendant Pharmacia & Upjohn Co.*

F. Lane Heard, III, Esq.
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005
*Counsel for Defendant Wyeth*

           /s/ Aaron M. Levine
           Aaron M. Levine, #7864
           COUNSEL FOR PLAINTIFF

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

NOV 2 6 2007

MELISSA SUMMERS, et. vir.          *

       Plaintiffs          *

                            Civil Action No.: 07-CA-0007421

v.          *          Judge: Geoffrey M. Alprin

                            Next Event:  Initial Conference

ELI LILLY & COMPANY, et al.          *          February 15, 2008 @ 9:00 a.m.

       Defendants          *

   *    *    *    *    *    *    *    *    *

## ANSWER TO FIRST AMENDED COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the First Amended Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the First Amended Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.          As to Paragraph 1 of the First Amended Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2.          As to Paragraph 2 of the First Amended Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale,

promotion and distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3.    As to Count 1, Paragraph 3 of the First Amended Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

4.    As to Count I, Paragraphs 4, 5, and 6 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

5.    As to Count II, Paragraph 7 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

6.    As to Count II, Paragraphs 8, 9, and 10 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

7.    As to Count III, Paragraph 11 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 10 as fully as if they were repeated verbatim herein.

8.    As to Count III, Paragraphs 12, 13, 14, 15, 16, 17, and 18 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

9.    As to Count IV, Paragraph 19 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

2

10.    As to Count IV, Paragraphs 20, 21, 22, and 23 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.    As to Count V, Paragraph 24 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12.    As to Count V, Paragraphs 25, 26, 27 and 28 of the First Amended Complaint, this Defendant denies the allegations of these paragraphs as to it.

13.    As to Count VI, Paragraph 29 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 28 as fully as if they were repeated verbatim herein.

14.    As to Count VI, Paragraph 30 of the First Amended Complaint, this Defendant denies the allegations contained in this paragraph as to it.

15.    As to Count VII, Paragraph 31 of the First Amended Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 30 as fully as if they were repeated verbatim herein.

16.    As to Count VII, Paragraph 32 of the First Amended Complaint, this Defendant denies the allegations of this paragraph as to it

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said

4

alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

5

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### NINETEENTH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

### TWENTY-FIRST DEFENSE

Counts VI of the First Amended Complaint does not constitute a separate cause of action, but merely requests a different type of damages and, therefore, Counts VI of the First Amended Complaint is a legal nullity.

### TWENTY-SECOND DEFENSE

That the cause of action for loss of consortium set forth in Count VII of the First Amended Complaint cannot be maintained because the Plaintiffs were not married at the time the causes of action accrued.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the First Amended Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech_____
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
***Attorneys for Defendant,***
***Bristol-Myers Squibb Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2007, a copy of the

foregoing Answer to First Amended Complaint was mailed first-class, postage prepaid,

to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; ***Attorney for Plaintiffs***

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; ***Attorneys for Defendant Eli Lilly & Company***

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; ***Attorneys for Pharmacia and Upjohn Company***

8

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Sarah A. Keast, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Janet A. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21202; *Attorneys for GlaxoSmithKline.*

F. Lane Heard, III, Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005; *Attorneys for Wyeth*

/s/ Sidney G. Leech
Sidney G. Leech

**EXHIBIT B**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MELISSA LEVINE-SUMMERS and<br>HERBERT SUMMERS,<br>930 Christian Creek Road<br>Swannanoa, NC 28778 )<br><br>                          Plaintiff, )<br><br>          vs. )<br><br>ELI LILLY AND COMPANY, et al.,<br>Lilly Corporate Center<br>Indianapolis, IN 46285 )<br><br>                          Defendants. ) | CIVIL ACTION NO. _____<br><br>SUPERIOR COURT NO. 2007 CA 007421 B |

### DEFENDANT GLAXOSMITHKLINE'S CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007421 B), to this Court.

Janet Coleman

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
Telephone: (410) 583-8000
Facsimile: (800) 893-1239

**ATTORNEYS FOR
GLAXOSMITHKLINE**

143756v1

**EXHIBIT C**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MELISSA LEVINE-SUMMERS and**<br>**HERBERT SUMMERS,**<br>**930 Christian Creek Road**<br>**Swannanoa, NC 28778**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ELI LILLY AND COMPANY, et al.,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285**<br><br>**Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO. _____

SUPERIOR COURT NO. 2007 CA 007421 B

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S
## CONSENT TO REMOVAL

Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any

and all rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007421 B),

to this Court.

*Sarah S. Keast* (by permission DCC)

Sarah S. Keast
Goodwin & Proctor, L.L.P.
901 New York Avenue, NW
Washington, DC 20001
Telephone:  (202) 346-4000
Facsimile:  (202) 346-4444

**ATTORNEYS FOR PREMO**
**PHARMACEUTICAL LABORATORIES,**
**INC.**

143757v1

**EXHIBIT D**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELISSA LEVINE-SUMMERS and**<br>**HERBERT SUMMERS,**<br>**930 Christian Creek Road**<br>**Swannanoa, NC 28778** )<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiff,** ) | CIVIL ACTION NO. _____ |
| ) | |
| **vs.** ) | SUPERIOR COURT NO. 2007 CA 007421 B |
| ) | |
| **ELI LILLY AND COMPANY, et al.,**<br>**Lilly Corporate Center**<br>**Indianapolis, IN 46285** )<br>)<br>)<br>)<br>) | |
| **Defendants.** ) | |

### DEFENDANT DART INDUSTRIES, INC.'S CONSENT TO REMOVAL

Defendant Dart Industries, Inc., with full reservation of any and all rights and

defenses, hereby consents to removal of the above-captioned action, which was originally filed

in the Superior Court of the District of Columbia (Case No. 2007 CA 007421 B), to this Court.

John F. Anderson (by permission DCC)

John F. Anderson, DC Bar No. 393764
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
Telephone: (703) 734-4334
Facsimile: (703) 734-4340

**ATTORNEYS FOR DART INDUSTRIES,**
**INC.**

143758v1

**EXHIBIT E**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELISSA LEVINE-SUMMERS and HERBERT SUMMERS,** 930 Christian Creek Road Swannanoa, NC 28778 ) ) ) ) ) ) | |
| **Plaintiff,** ) | CIVIL ACTION NO. _____ |
| ) | |
| **vs.** ) | SUPERIOR COURT NO. 2007 CA 007421 B |
| ) | |
| **ELI LILLY AND COMPANY, et al.,** **Lilly Corporate Center** **Indianapolis, IN 46285** ) ) ) ) | |
| **Defendants**. ) | |

### DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007421 B), to this Court.

*Sidney S. Leech (by permission DCC)*

Sidney G. Leech
Goodell, Devries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Facsimile: (410) 783-4040

**ATTORNEYS FOR BRISTOL-MYERS SQUIBB COMPANY**

143760v1

**EXHIBIT F**

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MELISSA LEVINE-SUMMERS and )
HERBERT SUMMERS, )
930 Christian Creek Road )
Swannanoa, NC 28778 )
                                           )
                    Plaintiff, )    CIVIL ACTION NO. _____
                                           )
         vs. )    SUPERIOR COURT NO. 2007 CA 007421 B
                                           )
ELI LILLY AND COMPANY, et al., )
Lilly Corporate Center )
Indianapolis, IN 46285 )
                                           )
                    Defendants. )

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL

Defendant Pharmacia and Upjohn Company, with full reservation of any and all

rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 2007 CA 007421 B),

to this Court.

*Elizabeth Ewert (by permission DCC)*

Elizabeth Ewert
Drinker Biddle & Reath, L.L.P.
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465

**ATTORNEYS FOR PHARMACIA AND
UPJOHN COMPANY**

143761v1

**EXHIBIT G**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MELISSA LEVINE-SUMMERS and<br>HERBERT SUMMERS<br>930 Christian Creek Road<br>Swannanoa, NC 28778<br><br>Plaintiffs,<br><br>vs.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>and<br><br>GLAXOSMITHKLINE<br>a successor to S.E. MASSENGILL, CO.<br>1500 K Street, N.W.<br>Washington, D.C. 20036<br><br>and<br><br>PREMO PHARMACEUTICAL<br>LABORATORIES, INC.<br>w/s/o Corporation Trust Co.<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br><br>and<br><br>DART INDUSTRIES, INC.,<br>p/k/a REXALL DRUG COMPANY, INC.<br>c/o Sheila Ann Marie Moeller, Esq.<br>Gilbride, Tusa, Last & Spellane, LLC<br>31 Brookside Drive<br>Greenwich, CT 06830<br><br>and<br><br>BRISTOL-MEYERS SQUIBB COMPANY<br>a successor of E.R. SQUIBB & SONS, INC. | CIVIL ACTION NO. 2007 CA 007421 B<br><br>Judge Geoffrey M. Alprin<br><br>Next Event:  Initial Conference on<br>February 15, 2008 at 9:00 a.m.<br><br>DEFENDANT ELI LILLY AND<br>COMPANY'S NOTICE OF<br>REMOVAL TO FEDERAL COURT |

P.O. Box 4500                                    )
Princeton, NJ 08543                              )
w/s/o CT CORPORATION                             )
1025 Vermont Avenue, N.W.                        )
Washington, D.C. 20005                           )
                                                 )
and                                              )
                                                 )
PHARMACIA and UPJOHN COMPANY                     )
(aka THE UPJOHN COMPANY)                         )
100 Route 206 North                              )
Peapack, NJ 07977                                )
w/s/o CT CORPORATION                             )
1025 Vermont Avenue, N.W.                        )
Washington, D.C. 20005                           )
                                                 )
and                                              )
                                                 )
WYETH                                            )
5 Giraldi Farms                                  )
Madison, NJ 07940                                )
                                                 )
                        Defendants.              )
                                                 )

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL
       DIVISION.

          PLEASE TAKE NOTICE that on the 28th day of November, 2007, defendant Eli Lilly

and Company filed in the United States District Court for the District of Columbia a Notice of

Removal of the above styled action.  A true copy of such Notice of Removal is attached hereto as

**Exhibit 1** and is incorporated herein by reference.

          Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has

effected the removal of the above styled action, and the Superior Court of the District of Columbia,

Civil Division, should proceed no further unless and until this case is remanded.

143769v2

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Judith L. O'Grady, D.C. Bar No. 494290
600 14TH Street, NW Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON,  L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

143769v2

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

MELISSA LEVINE-SUMMERS and HERBERT SUMMERS
930 Christian Creek Road
Swannanoa, NC 28778

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Buncombe Cty
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

### DEFENDANTS

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Marion County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

John C. Coots
Michelle R. Mangrum
Shook, Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party)

◉ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** <br> ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** <br> ☐ **890 Other Statutory Actions** (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** <br> ☐ **720 Labor/Mgmt. Relations** <br> ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** <br> ☐ **740 Labor Railway Act** <br> ☐ **790 Other Labor Litigation** <br> ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** <br> ☐ **443 Housing/Accommodations** <br> ☐ **444 Welfare** <br> ☐ **440 Other Civil Rights** <br> ☐ **445 American w/Disabilities- Employment** <br> ☐ **446 Americans w/Disabilities- Other** | ☐ **110 Insurance** <br> ☐ **120 Marine** <br> ☐ **130 Miller Act** <br> ☐ **140 Negotiable Instrument** <br> ☐ **150 Recovery of Overpayment & Enforcement of Judgment** <br> ☐ **153 Recovery of Overpayment of Veteran's Benefits** <br> ☐ **160 Stockholder's Suits** <br> ☐ **190 Other Contracts** <br> ☐ **195 Contract Product Liability** <br> ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury due to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 3,000,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  November 28 2007   SIGNATURE OF ATTORNEY OF RECORD  *John C. Coto*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.