**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MELISSA LEVINE SUMMERS and <br> HERBERT SUMMERS <br> 930 Christian Creek Road <br> Swannanoa, NC 28778 <br> <br>         Plaintiffs, <br> <br>    v. <br> <br> ELI LILLY AND COMPANY <br> Lilly Corporate Center <br> Indianapolis, IN 46285 <br>     w/s/o NATIONAL REGISTERED AGENTS, INC. <br>     1090 Vermont Avenue, NW, # 910 <br>     Washington, DC 20005 <br> <br>         and <br> <br> GLAXOSMITHKLINE, INC. <br> A Successor of BURROUGHS-WELLCOME & CO. and S.E. MASSENGILL, CO. <br> 1500 K Street, N.W. <br> Washington, D.C. 20036 <br> <br>         and <br> <br> PREMO PHARMACEUTICAL LABORATORIES, INC. <br>     w/s/o Corporation Trust Co. <br>     820 Bear Tavern Road <br>     West Trenton, NJ 08628 <br> <br>         and <br> <br> DART INDUSTRIES, INC., a successor to REXALL DRUG COMPANY, INC. <br>     w/s/o Sheila AnnMarie Moeller, Esq. <br>     Gilbride, Tusa, Last & Spellane, LLC <br>     31 Brookside Drive <br>     Greenwich, CT 06836 <br> <br>         and | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 1:07-CV-02142-RWR |

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY | ) |
| a successor of E.R. SQUIBB & SONS, INC. | ) |
| P.O. Box 4500 | ) |
| Princeton, NJ 08543 | ) |
|    w/s/o CT CORPORATION | ) |
|    1025 Vermont Avenue, NW | ) |
|    Washington, DC 20005 | ) |
| | ) |
|       and | ) |
| | ) |
| PHARMACIA and UPJOHN COMPANY | ) |
| (aka THE UPJOHN COMPANY) | ) |
| 100 Route 206 North | ) |
| Peapack, NJ 07977 | ) |
|    w/s/o CT CORPORATION | ) |
|    1025 Vermont Avenue, NW | ) |
|    Washington, DC 20005 | ) |
| | ) |
|       and | ) |
| | ) |
| WYETH | ) |
| 5 Giraldi Farms | ) |
| Madison, NJ 07940 | ) |
| | ) |
|       Defendants. | ) |

## WYETH'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Wyeth answers the First Amended Complaint of plaintiffs Melissa and Herbert Summers ("Complaint") as follows: Wyeth denies each averment in the Complaint except those expressly admitted below. Wyeth also states that, to the extent that averments in the Complaint refer generally to "defendants," Wyeth answers the averments as to itself. To the extent that averments in the Complaint refer to defendants other than Wyeth, Wyeth states that it is without knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

**(DES Litigation — Products Liability, Punitive Damages)**

1. Paragraph 1 states a legal conclusion that requires no response. Should a response be required, Wyeth denies the averment in paragraph 1 of the First Amended Complaint.

2. Wyeth admits that it manufactures, markets, and distributes certain pharmaceuticals and that it does business in the District of Columbia. Wyeth further admits that Ayerst, McKenna & Harrison, Ltd. ("Ayerst"), a company later acquired by Wyeth, sought and obtained approval from the United States Food & Drug Administration for diethylstilbestrol ("DES"). Wyeth denies the remaining averments in paragraph 2 of the First Amended Complaint.

## COUNT I
**(Negligent Failure to Warn – Melissa Levine-Summers)**

3. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 3 and, therefore, denies the averments. Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES. Wyeth further admits that Ayerst, at times in the past, manufactured, supplied, and sold DES. Wyeth denies the remaining averments in paragraph 4 of the First Amended Complaint, including any allegation that Wyeth and/or Ayerst manufactured the DES to which plaintiff Melissa Levine Summers was allegedly exposed.

4. Wyeth denies the averments in paragraph 4 of the First Amended Complaint.

5. Wyeth denies the averments in paragraph 5 of the First Amended Complaint.

6. Wyeth denies the averments in paragraph 6 of the First Amended Complaint.

## COUNT II
### (Negligent Failure to Test – Melissa Levine-Summers)

7. Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

8. Wyeth denies the averments in paragraph 8 of the First Amended Complaint.

9. Wyeth denies the averments in paragraph 9 of the First Amended Complaint.

10. Wyeth denies the averments in paragraph 10 of the First Amended Complaint.

## COUNT III
### (Strict Liability – Melissa Levine-Summers)

11. Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

12. Wyeth denies the averments in paragraph 12 of the First Amended Complaint.

13. Wyeth admits that, at times in the past, it manufactured, supplied, and sold DES. Wyeth denies the remaining averments in paragraph 13 of the First Amended Complaint, including any allegation that Wyeth manufactured the DES to which plaintiff Melissa Levine Summers was allegedly exposed.

14. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 14 and, therefore, denies the averments.

15. Wyeth denies the averments in paragraph 15 of the First Amended Complaintt.

16. Wyeth denies the averments in paragraph 16 of the First Amended Complaint.

17. Wyeth denies the averments in paragraph 17 of the First Amended Complaint.

18. Wyeth denies the averments in paragraph 18 of the First Amended Complaint.

## COUNT IV
**(Breach of Warranty – Melissa Levine-Summers)**

19. Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

20. Wyeth denies the averments in paragraph 20 of the First Amended Complaint.

21. Wyeth denies the averments in paragraph 21 of the First Amended Complaint.

22. Wyeth denies the averments in paragraph 22 of the First Amended Complaint.

23. Wyeth denies the averments in paragraph 23 of the First Amended Complaint.

## COUNT V
**(Misrepresentation – Melissa Levine-Summers)**

24. Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

25. Wyeth denies the averments in paragraph 25 of the First Amended Complaint.

26. Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 26 of the First Amended Complaint and, therefore, denies the averments.

27. Wyeth denies the averments in paragraph 27 of the First Amended Complaint.

28. Wyeth denies the averments in paragraph 28 of the First Amended Complaint.

## COUNT VI
**(Punitive Damages)**

29. Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

30. Wyeth denies the averments in paragraph 30 of the First Amended Complaint.

## COUNT VII
### (Loss of Consortium – Herbert Summers v. Eli Lilly)

31.     Wyeth incorporates and realleges the answers to the preceding paragraphs as if fully set forth herein.

32.     Wyeth is without knowledge or information sufficient to form a belief as to the truth of the averment in the first sentence of paragraph 32 of the First Amended Complaint and, therefore, denies the averment.  Wyeth denies the remaining averments in paragraph 32 of the First Amended Complaint.

### AFFIRMATIVE DEFENSES

As for additional defenses to the First Amended Complaint, and without assuming any burden of pleading or proof that would otherwise rest on plaintiffs, Wyeth alleges as follows:

### First Affirmative Defense

The First Amended Complaint fails to state, in whole or in part, a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

### Third Affirmative Defense

Plaintiff Melissa Levine Summers's natural mother knowingly and voluntarily assumed any and all risks associated with the matters alleged in the First Amended Complaint.  Pursuant to the doctrines of assumption of the risk or informed consent, this conduct bars in whole or in part the damages that plaintiffs seek to recover herein.

### Fourth Affirmative Defense

Plaintiffs' claims are barred because the injuries allegedly sustained by plaintiffs were not proximately caused by any act or omission of Wyeth.

### Fifth Affirmative Defense

Plaintiffs' recovery, if any, should be reduced pursuant to the comparative negligence, fault, responsibility, or causation of others.

### Sixth Affirmative Defense

If plaintiffs were injured by any product manufactured, sold, or distributed by Wyeth, those injuries occurred because the product was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use.  Such misuse was not reasonably foreseeable to Wyeth.

### Seventh Affirmative Defense

Plaintiffs' alleged injuries and damages, if any, were caused in whole or in part by the acts and omissions of third parties over whom Wyeth had no authority or control, including without limitation, misuse of diethylstilbestrol (the "subject product") by such third parties.

### Eighth Affirmative Defense

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the result of pre-existing or subsequent conditions that are unrelated to use of the subject product.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs were the direct and proximate result of an independent, unforeseeable, superseding, or intervening cause.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred because any injuries and damages allegedly sustained by plaintiffs as a result of the subject product were caused by an idiosyncratic reaction to the subject product that was not reasonably foreseeable to Wyeth.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred by reason of plaintiffs' failure to mitigate the alleged damages or losses.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and estoppel.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of merger, bar, collateral estoppel, res judicata, release, discharge, and accord and satisfaction.

**Fourteenth Affirmative Defense**

Wyeth denies, to the extent the actions alleged may have occurred, that any entity engaging in the activities alleged was acting as the agent or servant of Wyeth, or at the instruction or subject to the control of Wyeth with regard to any of the actions described in the First Amended Complaint; thus, Wyeth is not liable for any acts or omissions of such third parties as a matter of law.

**Fifteenth Affirmative Defense**

Wyeth avers that it did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the First Amended Complaint.

**Sixteenth Affirmative Defense**

Wyeth affirmatively pleads the application of comment k of section 402A of the Restatement (Second) of Torts and section 6(c) of the Restatement (Third) of Torts: Product Liability and its limitations upon the doctrine of strict product liability for purported design defect.

**Seventeenth Affirmative Defense**

Plaintiffs' claims based on Wyeth's alleged duty to warn are barred by the learned intermediary doctrine.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, by the lack of a defect since the subject product was properly prepared in accordance with the applicable standard of care.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred because, based on the state of scientific, medical and technical knowledge at the time the subject product was marketed, the product was reasonably safe for its normal and foreseeable use at all times, it was not unreasonably dangerous or defective, and its benefits exceeded any associated risks.

**Twentieth Affirmative Defense**

Plaintiffs' claims are barred because the methods, standards, and techniques utilized by Wyeth in manufacturing, distributing, marketing, or labeling the subject product and in issuing warnings and instructions with respect to its use, conformed with the generally recognized,

reasonably available, and reliable state of knowledge at the time the drug was manufactured and distributed.

### Twenty-First Affirmative Defense

Plaintiffs' claims predicated on state tort law and alleging that the subject product is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

### Twenty-Second Affirmative Defense

The conduct of Wyeth, as well as the subject product, conformed with the Federal Food, Drug, and Cosmetic Act and the requirements of the Food and Drug Administration. Moreover, the activities of Wyeth alleged in the First Amended Complaint conformed with all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time alleged in the First Amended Complaint.

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Wyeth's advertisements and labeling with respect to the subject product were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Twenty-Fourth Affirmative Defense

To the extent plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Wyeth's rights under the United States Constitution.

### Twenty-Fifth Affirmative Defense

Plaintiffs are not entitled to an award of attorneys' fees in the absence of a contract, statute, or law authorizing such fees.

### Twenty-Sixth Affirmative Defense

Should Wyeth be held liable to plaintiffs, which liability is specifically denied, Wyeth would be entitled to a set off for the total of all amounts paid to plaintiffs from all collateral sources.

### Twenty-Seventh Affirmative Defense

To the extent applicable, plaintiffs' purported breach of warranty claims are barred by a lack of privity between plaintiffs and Wyeth and because plaintiffs failed to provide Wyeth with reasonable or adequate notice of the alleged breach of any such purported warranties.

### Twenty-Eighth Affirmative Defense

The plaintiffs have been unable to identify and prove the specific manufacturer of the alleged injury-causing product and therefore fail to state a claim upon which relief can be granted in that they have asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and all other applicable states, and constitute a denial by this Court of Wyeth's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

### Twenty-Ninth Affirmative Defense

The plaintiffs have been unable to identify and prove the specific manufacturer of the alleged injury-causing product and therefore lack standing to pursue this action.

### Thirtieth Affirmative Defense

If Wyeth is found liable to plaintiffs for any loss allegedly suffered by plaintiffs, such liability shall not exceed Wyeth's equitable share determined in accordance with the relative

culpability of each person causing or contributing to the total liability for such non-economic loss.

### Thirty-First Affirmative Defense

Plaintiffs' claims are barred by contributory negligence, which was a direct and proximate cause of plaintiffs' alleged conditions and which is a complete bar to plaintiffs' recovery in this case.

### Thirty-Second Affirmative Defense

Venue is improper in this judicial district.

### Thirty-Third Affirmative Defense

Because of the lack of clear standards, the imposition of punitive damages against Wyeth is unconstitutionally vague and/or overbroad.

### Thirty-Fourth Affirmative Defense

No act or omission of Wyeth was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

### Thirty-Fifth Affirmative Defense

Any claim for punitive damages is in contravention of Wyeth's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of the District of Columbia and all other applicable state constitutions and/or the law and public policies of the District of Columbia and all other applicable states, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

    (a)    imposition of punitive damages by a jury which

        (1)    is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

        (2)    is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

        (3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Wyeth;

        (4)    is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

        (5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

    (b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

    (c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

    (d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Wyeth's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Wyeth to impermissible multiple punishment for the same alleged wrong.

### **Thirty-Sixth Affirmative Defense**

Count VI of the First Amended Complaint does not constitute a separate cause of action, but is merely a request for a different type of damages and, therefore, Count VI of the First Amended Complaint is a legal nullity.

### Thirty-Seventh Affirmative Defense

Count VII of the First Amended Complaint cannot be maintained because it is a joint cause of action and the plaintiffs were not husband and wife at the time the injuries complained of occurred.

### Thirty-Eighth Affirmative Defense

Count II of the First Amended Complaint does not constitute a separate cause of action, but, if a "duty to test" is recognized by the law of the District of Columbia at all, is subsumed by plaintiffs' negligent failure-to-warn causes of action. Therefore, Count II of the First Amended Complaint is a legal nullity.

Wyeth requests that plaintiffs be denied the relief sought in the First Amended Complaint and that Wyeth be dismissed from this action and awarded costs together with any additional relief that the Court deems just and proper. Wyeth reserves the right to supplement its answer and affirmative defenses with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend its answer accordingly.

### DEMAND FOR JURY TRIAL

Wyeth requests a trial by jury for all claims so triable.

**WHEREFORE**, Wyeth prays for relief and judgment against plaintiffs as follows:

A.   That plaintiffs take nothing by reason of the First Amended Complaint;

B.   That this action be dismissed with prejudice;

C.   That Wyeth recovers its fees, costs and attorneys' fees incurred herein; and

D.   Such further and other relief as the Court deems proper.

Dated: November 30, 2007.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:    /s/ F. Lane Heard III
     F. Lane Heard, III (DC Bar No. 291724)

725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029

*Attorneys for Defendant Wyeth*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on November 30, 2007 a true copy of Wyeth's Answer and Affirmative Defenses was served by U.S. First Class Mail, postage prepaid, to the following:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES, PA
1320 19th Street, NW
Suite 500
Washington, DC 20036

*Attorneys for Plaintiffs*

Sidney G. Leech
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

*Attorneys for Bristol-Myers Squibb Company*

Elizabeth Ewert
DRINKER BIDDLE & REATH
1500 K Street, NW, Suite 1100
Washington, DC 20005-1209

*Attorneys for Pharmacia and Upjohn Company*

John F. Anderson
TROUTMAN SANDERS LLP
1660 International Drive
Suite 600
McLean, Virginia 22102

*Attorneys for Dart Industries, Inc.*

Christopher J. Garvey
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

*Attorneys for Premo Pharmaceutical Laboratories, Inc.*

James J. Dillon
FOLEY HOAG LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600

*Attorneys for Eli Lilly Company*

Lawrence Hedrick Martin
FOLEY HOAG LLP
1875 K Street, NW, Suite 800
Washington, DC 20006

*Attorneys for Eli Lilly and Company*

            /s/ F. Lane Heard III
            F. Lane Heard III