IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELISSA LEVINE-SUMMERS, et al., | }<br>}<br>} |
| Plaintiffs, | }<br>} Civil Action No. 1:07-cv-2142 (RWR) |
| v. | } Next Event: Motions to Amend Pleadings<br>}            Due May 21, 2008 |
| ELI LILLY AND COMPANY, et al., | }<br>} |
| Defendants. | } |

## CONSENT MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COME NOW Plaintiffs, through counsel, and with consent of all remaining Defendants in this action, and moves this court for leave to file their Second Amended Complaint attached as Appendix 1, and as grounds therefore, states:

1.  Plaintiffs' First Amended Complaint, as filed in District of Columbia Superior Court, contained typographical errors in the heading and the *ad damnum* which incorrectly caused the claim of Plaintiff Herbert Summers to appear to be asserted only against Defendant Eli Lilly and Company, and not against all Defendants, as was intended. Plaintiffs intended to assert each claim against all Defendants.

2.  Plaintiffs' Second Amended Complaint corrects these errors as well as several other minor errors of noun-verb confusion which might imply that any Defendant or Defendants was excluded from any claim in the suit.

3.  All Defendants consented to Plaintiffs' request for leave to file this amended complaint.

WHEREFORE, for the aforementioned reasons, and for good cause shown, Plaintiffs respectfully request this Court to grant leave to file the Second Amended Complaint attached as Appendix 1.

        Respectfully submitted,

        AARON M. LEVINE & ASSOCIATES

           /s/    Aaron M. Levine
        Aaron M. Levine, #7864
        1320 19th Street, N.W., Suite 500
        Washington, D.C. 20036
        (202) 833-8040
        aaronlevinelaw@aol.com

        Counsel for Plaintiffs

## LCvR 7.1(m) CERTIFICATION

Counsel for Plaintiffs certifies that Plaintiffs, through counsel, asked for consent from all Defendants for the relief requested in the above motion. All Defendants consented.

        /s/ Aaron M. Levine

# APPENDIX 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~   }
MELISSA LEVINE-SUMMERS and                    }
HERBERT SUMMERS,                              }
                                              }
                          Plaintiffs,         }
                                              }   Civil Action No. 1:07-cv-2142 (RWR)
                  v.                          }   Next Event: Motions to Amend Pleadings
                                              }             Due May 21, 2008
ELI LILLY AND COMPANY,                        }
                                              }
and                                           }
                                              }
GLAXOSMITHKLINE,                             `}
as successor to S.E. MASSENGILL COMPANY,      }
                                              }
and                                           }
                                              }
BRISTOL-MYERS SQUIBB COMPANY,                 }
as successor to E.R. SQUIBB & SONS, INC.      }
                                              }
and                                           }
                                              }
PHARMACIA & UPJOHN COMPANY,                   }
formerly known as THE UPJOHN COMPANY,         }
                                              }
and                                           }
                                              }
WYETH,                                        }
                                              }
                          Defendants          }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~   }
```

**SECOND AMENDED COMPLAINT**
**(DES Litigation – Products Liability, Punitive Damages)**

1.   Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.   Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States,

2

and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligent Failure to Warn – Melissa Levine-Summer)

3. On or about 1969 and 1970, during her pregnancy with Plaintiff Melissa Levine-Summers, Plaintiff Melissa Levine-Summers's mother bought and ingested DES in Florida. The Defendants and/or their predecessors, acting in conceit, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of Florida.

4. It was the duty of the Defendants to adequately warn Ms. Levine-Summers's mother and Plaintiff Melissa Levine-Summers as to the risks of DES as to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5. Defendants negligently failed to adequately warn Plaintiff Melissa Levine-Summers's mother and her physician of risks as to the safety and efficacy of DES.

6. As a result of said negligence, Plaintiff Melissa Levine-Summers was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant ectopic pregnancies and inability to carry a pregnancy to term, infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Negligent Failure to Test – Melissa Levine-Summers)

7. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8. Defendants had a duty to fully and adequately test DES as to its safety and efficacy before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' aforesaid negligence, Plaintiff Melissa Levine-Summers was injured as aforesaid.

## COUNT III
### (Strict Liability – Melissa Levine-Summers)

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

14. Plaintiff Melissa Levine-Summers's mother purchased and ingested DES during her pregnancy with Plaintiff Melissa Levine-Summers, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Melissa Levine-Summers was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Melissa Levine-Summers for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty – Melissa Levine-Summers)

19. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Melissa Levine-Summers and her attending physicians, were relying on Defendants's skills and judgments, and the implied and express warranties and representations.

5

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff Melissa Levine-Summers has been injured as aforesaid.

## COUNT V
### (Misrepresentation – Melissa Levine-Summers)

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff Melissa Levine-Summers and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff Melissa Levine-Summers and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28. As a direct result of said false representations by Defendants, Plaintiff Melissa Levine-Summers was injured as aforesaid.

## COUNT VI
### (Punitive Damages – Melissa Levine-Summers)

29.   All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30.   The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff Melissa Levine-Summers's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus.  Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother.  Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.  The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff Melissa Levine-Summers by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Herbert Summers)

31.   All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

32. Plaintiff, Herbert Summers, is the husband of Melissa Levine-Summers. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Herbert Summers has been deprived of the love, services and affection of his wife, Melissa Levine-Summers.

**WHEREFORE**, Plaintiff Melissa Levine-Summers demands judgment against Defendants jointly and severally in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Herbert Summers, individually, demands judgment against Defendants jointly and severally in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____/s/____Aaron M. Levine_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____/s/____Aaron M. Levine_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELISSA LEVINE-SUMMERS, et al.,

              Plaintiffs,

              v.

ELI LILLY AND COMPANY, et al.,

              Defendants.

Civil Action No. 1:07-cv-2142 (RWR)
Next Event: Motions to Amend Pleadings
        Due May 21, 2008

### (PROPOSED) ORDER

UPON CONSIDERATION of the Consent Motion for Leave to File an Amended Complaint, and for good cause shown, the Consent Motion is hereby GRANTED and it is ORDERED that the Second Amended Complaint attached as Exhibit 1 to the Consent Motion is deemed filed as of the date of this Order.

_____
The Honorable Richard W. Roberts
United States District Judge