IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELISSA SUMMERS, et. vir.　　　　*

　　　　Plaintiffs　　　　　　　　*

　　　　　　　　　　　　　　　　　　Civil Action No.: 07-CV-2142
v.　　　　　　　　　　　　　　*　　(RWR)

ELI LILLY & COMPANY, et al.　　*

　　　　Defendants　　　　　　　*

　　*　　*　　*　　*　　*　　*　　*　　*　　*

**DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S
RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker and Goodell, DeVries, Leech & Dann, LLP, responds to the First Requests for Admission propounded to it by the Plaintiff in the above-captioned case pursuant to the provisions of the Federal Rules of Civil Procedure:

**REQUEST NO. 1:** Melissa Levine-Summers was exposed to diethylstilbestrol ("DES") *in utero*.

**RESPONSE TO REQUEST NO. 1:** Denied.

**REQUEST NO. 2:** Melissa Levine-Summers was exposed to Squibb's brand of DES.

**RESPONSE TO REQUEST NO. 2:** Denied.

**REQUEST NO. 3:** Prior to the birth of Melissa Levine-Summers, Squibb conducted no studies on the effect of DES on the exposed daughter *in utero*.

**RESPONSE TO REQUEST NO. 3:** Objection to Request No. 3. This Defendant objects to this Request because it is ambiguous, vague, confusing, irrelevant,

argumentative and it improperly presumes the existence of facts and legal duties not previously established, and assumes that the state-of-the-art by 1970 would have required such testing.

Without waiving and subject to its objections, Squibb states that the approval of Squibb's new drug applications (NDAs) for diethylstilbestrol was subject to all pertinent regulatory and reporting requirements. Squibb complied at all times with all relevant federal guidelines. During the period in which Squibb indicated diethylstilbestrol for the control of certain endocrine-produced disturbances of pregnancy, Squibb had not received information that a serious or long-term adverse effect on the human fetus was considered to be causally related to the use of diethylstilbestrol during pregnancy by the mother. Plaintiffs are referred to Squibb's NDA files for diethylstilbestrol up to the date of Plaintiffs' birth.

Without waiving and subject to its objections, Squibb relied upon the research of experts in the field who had evaluated the safe and effective use of diethylstilbestrol over a period of many years. With respect to the safety of the drug with respect to offspring, this Defendant requested and received from clinicians and researchers reports as to the health and well-being of children born under diethylstilbestrol therapy. Further, Squibb relied upon published tests and studies related to the status of health of infants born under diethylstilbestrol therapy. Squibb lists the following studies which investigated the safety and efficacy of diethylstilbestrol:

> White, Priscilla; Hunt, Hazel: J.A.M.A., 115:2039-2040 (December 14), 1940;
>
> Arbarbanel, A.R.: Surg. Gynecol. Obstet., 73:257-262 (August), 1941;
>
> Karnaky, Karl John: South, Med. J., 35:838-847 (September), 1942;

White, Priscilla; Hunt, Hazel: J. Clin. Endocrinol., 3:500-511 (September), 1943;

White, Priscilla: J.A.M.A., 128:181-182 (May 19), 1945;

Karnaky, Karl John: J. Clin. Endocrin., 5:279-284 (July-August), 1945;

Karnaky, Karl John: Am. J. Obstet. Gynecol., 53:312-316 (February), 1947;

Rosenblum, Gordon; Melinkoff, Eugene: West J. Surg. Obstet. Gynecol., 55:597-603 (November), 1947;

Smith, O. Watkins: Am. J. Obstet. Gynecol., 56:821, 1948;

Smith, O. Watkins; Smith, George Van: New England J. Med., 214:562, 1949;

Smith, O. Watkins; Smith, George Van: Am. J. Obstet. Gynecol., 58:994-1949.

Karnaky, Karl J.: Am. J. Obste, Gynecol., 58:622, 1949;

Gitman, Leo: N.Y. State J. Med., 50:2823, 1950;

Reis, Ralph A.: DeCosta, Edwin J., Allweiss, M. David, Am. J. Obstet Gynecol., 60:1023-1042, 1950;

Colvin, E.D.; Bartholomew, R.A.; Grimes, Willaim H.; Fish, Jon S.: Am. J. Obstet. Gynecol., 59:1208-1223 (June), 1950;

Crowder, R.E.; Bills, E.S.; Broadbent, J.S.: Am. J. Obstet. Gynecol., 60:896-899 (October), 1950;

Karnaky, Karl J.: Arizona Med., 8:36, 1951;

Greenhill J.P.: Chapter 29, Principles and Practices of Obstetrics, 10th Ed., W.B. Saunders Company (Philadelphia), 1951;

Robinson, David, Shettles, Landrum B.: Am. J. Obstet.Gynecol., 63:1330-1333 (June), 1952;

King, Arthur G.: Obstet. Gynecol., 1:104-114 (January), 1953;

Karnaky, Karl J.: Med. Times, 81:315, 1953;

Canario, Efrain M.; Houston, Gilbert; Smith, Clement A.: Am. J. Obstet. Gynecol., 65-1298-1304, 1953;

White, Priscilla; Kosky, Philip; Duckers, Janine; Med. Clin. North Am., 37:1481, 1953;

Ferguson, James Henry: Am. J. Obstet. Gynecol., 65:592-601 (March), 1953;

Dieckmann, W.J.; Davis, M.E.; Rynkiewicz, L.M.: Pottinger, R.E.: Am. J. Obste. Gynecol., 66:1062-1081 (November), 1953;

Smith, George V.; Smith, Olive W.: Obstet. Gynecol., 4:129, 1954.

**REQUEST NO. 4:** Prior to the birth of Melissa Levine-Summers, Squibb conducted no studies on the safety of DES for use in the prevention of accidents of pregnancy.

**RESPONSE TO REQUEST NO. 4:** Objection to Request No. 4. This Defendant objects to this Request because it improperly presumes the existence of facts and legal duties not established, *i.e.*, that the testing, studies and/or investigation were required by the FDA, and assumes that the state-of-the-art by 1970 would have required such testing. Without waiving these objections and subject to them, Squibb refers Plaintiffs to its NDA and supplemental NDA.

**REQUEST NO. 5:** Prior to the birth of Melissa Levine-Summers, Squibb conducted no animal studies on the effect of DES on the reproductive tract of living creatures exposed *in utero* to DES.

**RESPONSE TO REQUEST NO. 5:** Objection to Request No. 6. This Defendant objects to this Request on the grounds that it improperly presumes the existence of facts and legal duties not previously established, *i.e.*, that the testing, studies and/or investigations referenced were required by the FDA, and assumes that the state-of-the-art by 1970 would have required such testing. Without waiving these objections and subject to them, Squibb refers Plaintiffs to its NDA and supplemental NDA.

**REQUEST NO. 6:** Prior to the birth of Melissa Levine-Summers, Squibb conducted no studies regarding the safety or efficacy of DES for prevention of the accidents of pregnancy.

**RESPONSE TO REQUEST NO. 6:** Objection to Request No. 6. This Defendant objects to this Request on the grounds that it improperly presumes the existence of facts and legal duties not previously established, *i.e.,* that the testing, studies and/or investigations referenced were required by the FDA, and assumes that the state-of-the-art by 1970 would have required such testing. Without waiving these objections and subject to them, Squibb refers Plaintiffs to its NDA and supplemental NDA.

Without waiving its objections and subject to its objections, Squibb incorporates by reference its Response to Request No. 3 as fully as if it were incorporated verbatim herein.

**REQUEST NO. 7:** Squibb is a New York corporation with principal place of business in New York.

**RESPONSE NO REQUEST NO. 7:** Squibb admits that its principal place of business is in New York, but denies that it is a New York corporation; it was incorporated in the State of Delaware.

**REQUEST NO. 8:** Squibb had no business or legal relationship with Melissa Levine-Summers's mother when she purchased DES.

**RESPONSE TO REQUEST NO. 8:** Based on the information presently available, this Request is admitted.

**REQUEST NO. 9:** Squibb had no particular practices or business methods with regard to DES that were unique to a particular state.

**RESPONSE TO REQUEST NO. 9:**  Based on the information presently available, this Request is admitted.

/s/_____
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
sgl@gdldlaw.com.
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2008, a copy of Bristol-Myers Squibb Company's Responses to Plaintiff's First Requests for Admission were mailed via first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri  64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company*

Janet A. Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, Maryland 21204; *Attorneys for GlaxoSmithKline.*

F. Lane Heard, III, Esquire
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005; *Attorneys for Wyeth*

/s/_____
Sidney G. Leech